**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ARTURO RAFAEL ACOSTA PARABAVIRE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02731-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) ) ) | |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 22, 2026, Petitioner Arturo Rafael Acosta Parabavire filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.[2]  (ECF No. 1.)  Acosta Parabavire challenges his detention without "an individualized bond hearing before an immigration judge."  (Id. at PageID 3.)  Acosta Parabavire, a noncitizen, has resided in the United States continuously since August 2023.  (Id.)  He has "worked, paid taxes, and built ties to [his] community," along with his wife who also lives in the United States.  (Id.)  On June 6, 2026, he was taken into ICE custody and

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, the Warden of the West Tennessee Detention Facility, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

[2] Along with the Petition, Acosta Parabavire filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 2).  That motion requests relief coterminous with the relief sought in the Petition.  Therefore, in the interest of judicial economy, that motion is **DENIED AS MOOT**.

remains detained at the West Tennessee detention facility.  (Id. at PageID 3.)  He seeks a bond hearing or immediate release from Respondent's custody.  (Id. at PageID 4.)  He served the Petition on Respondent on June 17.  (Id. at PageID 5.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **two business days** of the filing of this Order, Respondent shall respond to the Petition in writing.  If the basis of Acosta Parabavire's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(2)    Acosta Parabavire may file a reply after Respondent's responsive filing.

(3)    Respondent shall not transfer Acosta Parabavire out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 30th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2